United States District Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE LEONARDO SANCHEZ TISCARENO, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00251 |
| WARDEN COASTAL BEND DETENTION CENTER, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Jose Leonardo Sanchez Tiscareno ("Petitioner"), a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. §2241. (D.E. 1). Respondent opposed the petition. (D.E. 10). For the following reasons, the undersigned recommends the petition for writ of habeas corpus (D.E. 1) be **DENIED**.

## I. Background

Petitioner, a citizen of Mexico, entered the United States without inspection in 2011. (D.E.s 10-1 & 10-2). On August 21, 2026, Petitioner was taken into immigration custody. (D.E. 10-1 at 1-2). On August 25, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(A)(i). (D.E.

10-2). Petitioner's removal proceedings are pending and he had a hearing before an immigration judge scheduled on September 23, 2026. (D.E. 10 at 4).

On August 31, 2026, Petitioner filed this action for a writ of habeas corpus. (D.E. 1). Petitioner's sole claim for relief challenges his ongoing immigration detention as a violation of his Due Process rights because DHS/ICE did not provide him with an individualized bond hearing. *Id*. Respondent argues in his Motion for Summary Judgment that Petitioner is legally detained under §1225(b)(2)(A) because he is an applicant for admission. (D.E. 10). Petitioner has not filed a response to Respondent's Motion for Summary Judgment.

## II. Analysis

The United States Court of Appeals for the Fifth Circuit held in *Buenrostro-Mendez* that aliens who have not been admitted may be detained without bond under 8 U.S.C. § 1225(b)(2)(A), even if the unlawful aliens had been present in the United States for years. 166 F.4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id*. The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id*. To start, the Court finds that Petitioner, as an applicant for admission, is detained under § 1225(b).

The Fifth Circuit recently considered what rights the Due Process Clause confers on an unlawful alien detained under § 1225(b). In *Sosnava Rodriguez v. Miguel Vergara*, the petitioners argued that their detention violated their right to due process under the Fifth Amendment because they were detained without a bond hearing and should have received such a hearing before detention. No. 26-50183, 2026 WL 3181188, at *1-2 (5th Cir. Oct. 23, 2026)(*en banc*). The Fifth Circuit rejected that argument, reasoning unlawful aliens "may not assert a right to further process governing their admission beyond what Congress has provided in § 1225(b)(2)(A)[,]" and concluded: "The Constitution does not entitle them to a bond hearing." *Id.* at *6. It reached the same result whether the claim was characterized as substantive due process or procedural due process. *Id.* at *6, 12.

*Sosnava Rodriguez* has foreclosed Petitioner's arguments. Although Petitioner claimed that he should have received an individualized hearing before his detention, *Sosnava Rodriguez* found that an unlawful alien is not entitled to a bond hearing after his detention, much less before his detention. See 2026 WL 3181188, at *1. Petitioner has no right to process beyond what Congress has provided, which *Sosnava Rodriguez* found, and Congress did not give unlawful aliens detained under § 1225(b) the right to a pre-deprivation bond hearing. Based on *Sosnava Rodriguez*, Petitioner's claim to such a hearing, whether characterized as substantive due process or procedural due process, fails. *Id.* at *6, 12. *MISAEL CALEL-SONTAY v. BRIAN ACUNA, ET AL. Additional*

*Party Names: Bureau of Immigr. & Customs Enf't, Dep't of Homeland Sec.,* No. CV 26-3269, 2026 WL 3259280, at *1–2 (W.D. La. Oct. 29, 2026).

## III. Conclusion

Considering the foregoing, it is recommended that the petition for a writ of habeas corpus, (D.E. 1), be **DENIED**.

Respectfully submitted on November 3, 2026.

_______________________________
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).